In an action, inter alia, to recover unpaid pension benefits, the defendants appeal from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated November 18, 2010, which, upon an order of the same court dated September 8, 2010, among other things, granting the plaintiff’s motion for summary judgment on her first and second causes of action, awarded the plaintiff the sum of $109,024.44 in unpaid pension benefits and declared that the defendants are obligated to continue making monthly payments of $3,402.08 to the plaintiff for the remainder of her life.
Ordered that the judgment is affirmed, with costs.
A “top hat” employee pension benefit plan is “unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees” (29 USC § 1101 [a] [1]; see Black v Bresee’s Oneonta Dept. Store, Inc. Sec. Plan, 919 F Supp 597, 602 [1996]). Such plans are exempted from certain substantive rights and protections afforded by the Employee Retirement Income Security Act (hereinafter ERISA) (29 USC § 1001 et seq.) (see 29 USC § 1051 [2]; § 1081 [a] [3]; Kemmerer v ICI Ams., Inc., 842 F Supp 138, 144 [1994], affd in part and appeal dismissed in part 70 F3d 281 [1995], cert denied 517 US 1209 [1996]; Carr v First Nationwide Bank, 816 F Supp 1476, 1491 [1993]), but remain subject to ERISA’s enforcement provisions (see 29 USC § 1051 [2]; § 1081 [a] [3]; Black v Bresee’s Oneonta Dept. Store, Inc. Sec. Plan, 919 F Supp at 602). “Top hat” plans are treated like unilateral contract offers that are accepted and become irrevocable upon retirement (see Craig v Pillsbury Non-Qualified Pension Plan, 458 F3d 748, 752 [2006]; Aiena v Olsen, 69 F Supp 2d 521, 532-533 [1999]; Kemmerer v *1285 ICI Ams. Inc., 70 F3d 281, 287 [1995], cert denied 517 US 1209 [1996]).
The plaintiff established her entitlement to judgment as a matter of law on her first and second causes of action pursuant to ERISA to recover unpaid pension benefits and for a declaration that the defendants are obligated to continue making monthly payments to the plaintiff for the remainder of her life (see Black v Bresee’s Oneonta Dept. Store, Inc. Sec. Plan, 919 F Supp at 602; Kemmerer v ICI Ams. Inc., 70 F3d at 286-289). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]).
The defendants’ remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted the plaintiff’s motion for summary judgment on the first and second causes of action. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.
Motion by the respondent on an appeal from a judgment of the Supreme Court, Rockland County, dated November 18, 2010, to strike pages 376 through 396 of the record on appeal and, in effect, to strike certain material in the appellants’ brief on the ground that it refers to matter dehors the record. Cross motion by the appellants, in effect, to insert certain material as page 377a of the record on appeal. By decision and order on motion of this Court dated November 14, 2011, the motion and cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the motion to strike pages 376 through 396 of the record on appeal and, in effect, to strike certain material in the appellant’s brief on the ground it refers to matter dehors the record is granted to the extent that pages 376, 378-381, 383-393, and 395-396 of the record on appeal and all references thereto in the brief are stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied; and it is further,
Ordered that the cross motion is denied. Angiolillo, J.E, Eng, Lott and Cohen, JJ., concur.